UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYON BAILEY,

            Petitioner,            Case No. 23-cv-10955
                                                      Hon. Jonathan J.C. Grey

v.

SHERMAN CAMPBELL,[1]

            Respondent.

_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION
TO DISMISS (ECF 10), DENYING PETITIONER'S
MOTION FOR BOND (ECF 9), AMENDING CASE CAPTION,
AND DIRECTING RESPONDENT TO FILE A RESPONSIVE
PLEADING**

Petitioner Kenyon Bailey, a Michigan state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder, Mich. Comp. Laws § 750.317, possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f. Respondent filed a motion to

---

[1] The warden of Petitioner's current place of incarceration is Sherman Campbell, and the Court orders the case caption amended to substitute Campbell as the Respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases.

dismiss (ECF No. 10), and Petitioner filed motion for bond (ECF No. 9). For the following reasons, the Court **DENIES** both motions and directs Respondent to file an answer addressing the merits of Petitioner's claims.

I.  Background

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of and sentenced as follows: 10 to 15 years for being a felon-in-possession of a firearm, 30 to 50 years for second-degree murder, and a consecutive sentence of 5 years for felony-firearm.

He appealed his conviction and sentence to the Michigan Court of Appeals raising these claims through counsel: (i) insufficient evidence was presented to prove that Petitioner was not acting in self-defense, (ii) the trial court denied him the right to consult with counsel before accepting his plea withdrawal and erred by appointing substitute defense counsel without Petitioner's consent; (iii) the trial court incorrectly scored offense variables, failed to consider mitigating factors, failed to properly calculate jail credit, and denied him his right to allocution. He also raised two additional claims in a pro per supplemental brief: (i) Petitioner was denied due process by not being granted jail credit for time awaiting extradition, and (ii) Petitioner was denied due process because the

prosecution failed to prove all elements of second-degree murder and the trial court failed to consider voluntary manslaughter. The Michigan Court of Appeals affirmed Petitioner's conviction but remanded to the trial court for resentencing. *People v. Bailey*, 330 Mich. App. 41, 44, 944 N.W.2d 370, 375 (2019).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the claims raised through counsel in the court of appeals. The Michigan Supreme Court denied leave to appeal. *People v. Bailey*, 941 N.W.2d 377 (2020).

In 2022, the trial court resentenced Petitioner to the same sentence originally imposed. Petitioner appealed to the Michigan Court of Appeals. He challenged the imposition of court costs and the constitutionality of the statute authorizing imposition of costs. The Michigan Court of Appeals affirmed Petitioner's sentence and the imposition of costs. *People v. Bailey*, No. 360565, 2023 WL 8865986 (Mich. Ct. App. Dec. 21, 2023). A review of the Michigan Supreme Court's publicly available docket shows that Petitioner did not file an application for leave to appeal the court of appeals' decision.

In April 2023, Petitioner filed the pending petition for a writ of habeas corpus. He raises these claims: (i) insufficient evidence was presented to show that Petitioner was not acting in self-defense, (ii) the trial court denied him due process and his right to counsel, (iii) he is entitled to resentencing because his sentence is disproportionate, and (iv) the imposition of court costs and fees is unconstitutional.

## II. Discussion

### A. Respondent's Motion to Dismiss

Respondent moves to dismiss the petition because it is a "mixed" petition asserting both exhausted and unexhausted claims. A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). A prisoner confined pursuant to a Michigan state court conviction must raise each habeas issue in both the Michigan Court of Appeals and the Michigan Supreme Court before

4

seeking federal habeas corpus relief. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner did not exhaust his state court remedies for his fourth claim regarding the imposition of court costs before filing the pending petition. At the time he filed the petition, Petitioner's appeal was pending before the Michigan Court of Appeals. On December 21, 2023, the Michigan Court of Appeals affirmed the trial court's imposition of court costs. *People v. Bailey*, No. 360565, 2023 WL 8865986 (Mich. Ct. App. Dec. 21, 2023). Petitioner has not filed an application for leave to appeal in the Michigan Supreme Court and the time for doing so has now expired. *See* Mich. Ct. Rule 7.305(C)(2)(a). Since no state remedy remains available, Petitioner's fourth claim is technically exhausted.[2] *Mammone v. Jenkins*, 49 F.4th 1026, 1047 (6th Cir. 2022).

All of Petitioner's other claims are now exhausted because he raised all the remaining issues in the Michigan Court of Appeals and the Michigan Supreme Court. No purpose would be served by dismissing this

---

[2] When the motion to dismiss was filed, the issue of court costs was still pending in the Michigan Court of Appeals, so the issue of exhaustion based on unavailability of an appeal to the Michigan Supreme Court and the accompanying procedural default issue was not briefed. Thus, the Court makes no finding as to whether this claim is procedurally defaulted or whether Petitioner may be able to establish cause to overcome any default. *See Mammone*, 49 F.4th at 1047.

action and requiring Petitioner to file his petition again. Accordingly, the Court will deny the motion to dismiss and require Respondent to file an answer.

**B. Petitioner's Motion for Release on Bond**

Also before the Court is Petitioner's motion for release on bond pending review of his habeas petition. This Court has "inherent authority" to grant bond to a habeas petitioner while his petition is under review. *Nash v. Eberlin,* 437 F.3d 519, 526, n. 10 (6th Cir. 2006). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990) "It will be the rare occasion when an inmate will be able to satisfy this standard." *Pouncy v. Palmer*, 993 F.3d 461, 463 (6th Cir. 2021). "This much is clear: federal courts very rarely find 'exceptional circumstances' and very rarely release petitioners before ruling on the merits of their claims. Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims."

*Blocksom v. Klee*, No. 11-CV-14859, 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015) (Leitman, J.).

Petitioner presents four claims for habeas relief. The standard of review applied to a federal habeas corpus petition is an "exacting" one. *Bush v. Warden, S. Ohio Corr. Facility*, 573 F. App'x 503, 513 (6th Cir. 2014). The Michigan Court of Appeals ruled on the merits of each of the claims raised in the petition. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Petitioner challenges a presumptively valid state court conviction and his conviction and sentence have been affirmed on appeal. Given the high level of deference afforded state court decisions on habeas review, this factor weighs against granting release on bond.

Petitioner argues that his compliance with prior bond conditions, his lack of contact with "the complainants", and the absence of any "complaint that he was or has been a danger to other persons" support his release on bond. (ECF No. 9, PageID.73.)  These factors are neither unique nor compelling. The situations in which extraordinary

7

circumstances will be found "seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir.1992). Petitioner does not claim poor health and the time remaining on his sentence is long -- his earliest possible release date is in approximately 28 years.[3]

Petitioner has not demonstrated the existence of circumstances making his motion for bond exceptional and deserving of special treatment in the interests of justice. The Court cannot grant the motion.

## III.  Conclusion

For the reasons set forth, the Court **DENIES** Respondent's motion to dismiss (ECF No. 10) and **DENIES** Petitioner's motion for release on bond (ECF No. 9).

The Court **ORDERS** Respondent to submit an answer addressing the merits of Petitioner's claims and any Rule 5 materials that have not already been submitted to the Court within 60 days from the date of this Order.

---

[3] The Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates that Petitioner's earliest release date is March 23, 2052. This Court may take judicial notice of information from OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

The Court **ORDERS** the case caption amended to substitute Sherman Campbell as the respondent.

**SO ORDERED.**

/s Jonathan J.C. Grey
Hon. JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

DATED: August 14, 2024

Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2024.

s/ S. Osorio
Sandra Osorio
Case Manager