**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENYON BAILEY,

Petitioner,

Case No. 23-cv-10955
Hon. Jonathan J.C. Grey

v.

SHERMAN CAMPBELL,

Respondent.
_______________________________________/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DENYING CERTIFICATE OF APPEALABILITY, GRANTING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*, DENYING MOTION FOR THE APPOINTMENT OF EXPERT WITNESS (ECF No. 20), AND DENYING MOTION TO HOLD HABEAS PETITION IN ABEYANCE (ECF No. 22)**

Petitioner Kenyon Bailey, a Michigan state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus (the "habeas petition" or "petition") pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder, MICH. COMP. LAWS § 750.317, possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, and felon in possession of a firearm, MICH. COMP. LAWS § 750.224f. (ECF No. 1.) Bailey raises four claims for relief.

The Court **DENIES** the petition (*id.*) and declines to issue a certificate of appealability. The Court **GRANTS** Bailey leave to proceed in forma pauperis on appeal. Moreover, the Court **DENIES** Bailey's motion for the appointment of expert witness (ECF No. 20) and motion to hold habeas petition in abeyance (ECF No. 22).

## I. Background

Bailey was charged in Wayne County Circuit Court with first-degree premeditated murder, felony murder, armed robbery, and being a felon in possession of a firearm. On August 21, 2017, he pleaded guilty to second-degree murder and felon in possession of a firearm. (*See* ECF No. 11-7.) On the date set for sentencing, September 12, 2017, the trial court allowed Bailey to withdraw his plea. (*See* ECF No. 11-8, PageID.217.) Bailey proceeded to a bench trial and was convicted and sentenced as follows: 10 to 15 years for being a felon-in-possession of a firearm, 30 to 50 years for second-degree murder, and a consecutive sentence of 5 years for felony-firearm. (*See* ECF No. 11-15, PageID.445–446.)

Bailey filed an appeal in the Michigan Court of Appeals. The Michigan Court of Appeals set forth the following relevant facts:

> At the time of the offenses, Bailey had recently purchased narcotics from the victim (the owner of an automobile repair

shop in Detroit) and later discovered that the drugs were ineffective. Bailey and his friend, Stacey Reilly, drove to the victim's repair shop, and Bailey attempted to get his money back from the victim. Bailey entered the repair shop, returned to his car approximately four minutes later, and then went back inside the repair shop.

After Bailey reentered the repair shop, Reilly heard a series of gunshots. Reilly stepped into the repair shop and encountered two of the victim's employees. Reilly searched the employees for weapons. As Reilly searched the employees, he saw Bailey run out of the repair shop. Reilly found Bailey seated in his car with a gun on his lap. At trial, Reilly identified the gun in Bailey's lap as a .40 caliber handgun. Bailey appeared shaken and distressed, and asked Reilly if he planned to "tell on him." Reilly told Bailey he would not tell anyone what he saw.

Officers from the Detroit Police Department responded to the shooting. Two officers at the scene saw blood and multiple spent .40 caliber bullet casings on the floor of the repair shop. The officers found the victim on the ground between two cars and determined that he had died of multiple gunshot wounds. The officers discovered a .32 caliber revolver wedged underneath the victim's body, and six spent shell casings were discovered in the cylinder of the revolver. However, no .32 caliber bullets were discovered at the scene of the crime. A medical examination concluded that the victim was shot six times. Bailey was arrested and charged with felon-in-possession, second-degree murder, and felony-firearm.

Bailey testified at trial, asserting that the victim threatened him with a gun first and that the killing was in self-defense.

*People v. Bailey*, 944 N.W.2d 370, 375–376 (Mich. Ct. App. 2019). These facts are presumed correct on habeas review under 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

On appeal, the Michigan Court of Appeals affirmed Bailey's convictions but vacated Bailey's sentence and remanded for resentencing. *Bailey*, 944 N.W.2d at 387. The Michigan Supreme Court denied leave to appeal. *People v. Bailey*, 941 N.W.2d 377 (Mich. 2020); (ECF No. 11-20.)

In 2022, the trial court resentenced Bailey to the same sentence originally imposed. (ECF No. 11-17, PageID.479.) Bailey appealed to the Michigan Court of Appeals. He challenged the imposition of court costs and the constitutionality of the statute authorizing imposition of costs. *People v. Bailey*, No. 360565, 2023 WL 8865986, at *1 (Mich. Ct. App. Dec. 21, 2023). The Michigan Court of Appeals affirmed Bailey's sentence and the imposition of costs. *Id.* A review of the Michigan Supreme Court's publicly available docket shows that Bailey did not file an application for leave to appeal the court of appeals' decision.

In April 2023, Bailey filed the pending petition for a writ of habeas corpus. (ECF No. 1.) He seeks relief on these claims:

> I. There was insufficient evidence presented that Bailey was not acting in self-defense.

> II. The manner in which the trial court withdrew Bailey's pleas and removed his counsel denied him due process and the right to counsel.
>
> III. Bailey is entitled to be resentenced to a reasonable, proportionate sentence following allocution with reference to properly scored guidelines.
>
> IV. The imposition of court costs and fees is unconstitutional.

Respondent filed an answer contending that Bailey's third and fourth claims are unexhausted and that his second, third, and fourth claims are procedurally defaulted. (ECF No. 15.) The Court declines to address such defenses. "[A] claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013). A procedural default ordinarily is not a jurisdictional matter. *Johnson v. Lee*, 578 U.S. 605, 610 (2016) (quoting *Trest v. Cain*, 522 U.S. 87, 89 (1997)). A court may bypass a procedural-default question if the claim is easily resolvable against the habeas petitioner. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). The Court also may decide an unexhausted claim where the unexhausted claim is plainly meritless. *Granberry v.*

*Greer*, 481 U.S. 129, 131–133 (1987). For efficiency, the Court addresses the merits of the habeas petition.

## II. Legal Standard

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who challenge "a matter 'adjudicated on the merits in State court' [must] show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 584 U.S. 122, 124–125 (2018) (quoting 28 U.S.C. § 2254(d)). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citation omitted). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt."

*Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Also, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. Petitioner's Motion for Appointment of Expert Witness

Bailey has filed a motion for appointment of a ballistics expert to present evidence "which will exonerate defendant . . . and may less[e]n the charges and cause resentencing and/or release from further custody." (ECF No. 20, PageID.1232.)

Bailey's request neither explains what specific evidence the ballistics expert would review nor how it would specifically impact his case. Presumably, he seeks to bolster his self-defense argument. But "review [of a habeas corpus petition] under § 2254(d)(1) is limited to the

record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181. It would not be appropriate for this Court to appoint a ballistics expert to present findings that no state court ever had a chance to review. Accordingly, Bailey's motion for appointment of expert witness (ECF No. 20) is **DENIED**.

## IV. Petitioner's Motion to Hold Habeas Petition in Abeyance

On June 1, 2026, Bailey filed a motion to hold habeas petition in abeyance.[1] (ECF No. 22.)

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the

[1] On March 12, 2026, Bailey filed a letter asking the Court to "hold off deciding [his] federal habeas corpus until [he] can raise these (new) issues back down in the lower courts[.]" (ECF No. 21.) Because Bailey's motion to hold the petition in abeyance seeks the same relief and provides additional detail, the Court addresses the request through that motion rather than construing the letter as a separate motion.

petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Bailey requests a stay to allow him to exhaust this claim:

> [E]vidence from an expert witness which will establish that the deceased shot at Mr. Bailey, during the turn of events in question. Which can prove that Mr. Bailey acted in self-defense and the prosecutor's evidence was insufficient to convict him of second degree murder.

(ECF No. 22, PageID.1240.)

Bailey offers no further details. He does not attach or summarize the expert witness's new evidence, nor does he explain why this evidence was not raised on direct review. Nor does Bailey allege specific facts demonstrating that he is not engaging in dilatory tactics. He therefore fails to sufficiently allege or establish that a stay and abeyance is warranted under the *Rhines* factors. Accordingly, Bailey's motion for a stay (ECF No. 22) is **DENIED**.

## V. Discussion

### A. Claim One: Sufficiency of the Evidence

Bailey first argues that there was insufficient evidence to support his conviction because the prosecution did not prove that he did not act

in self-defense. This claim is not cognizable on habeas review and, even if it was cognizable, it fails.

In Michigan, self-defense is an affirmative defense, *People v. Dupree*, 788 N.W.2d 399, 406 (Mich. 2010), and does not negate the specific elements of a crime, even when properly raised and proved. *Id.* at 405 n.11; *People v. Lemons*, 562 N.W.2d 447, 453 n. 15 (Mich. 1997). And although Michigan law requires the prosecution to disprove a claim of self-defense, *see Dupree*, 788 N.W. 2d at 401, 408, the Constitution does not require the prosecution to prove "'the nonexistence of all affirmative defenses.'" *Smith v. United States*, 568 U.S. 106, 110 (2013) (quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977)). Thus, Bailey's claim is not cognizable on habeas review. *See Woodmore v. Tanner*, No. 25-1085, 2025 WL 2120570, at *3 (6th Cir. July 8, 2025) ("[A]ny failure by the prosecutor in this case to disprove that [the habeas petitioner] acted in self-defense does not implicate a constitutional concern.").

Even if Bailey's claim is cognizable, habeas relief would still be denied. On habeas review, the sufficiency of the evidence inquiry involves "two layers of deference": one to the jury verdict, and a second to the Michigan Court of Appeals' decision. *Tanner v. Yukins*, 867 F.3d 661, 672

(6th Cir. 2017). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (emphasis in original) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). Second, if the Court were "to conclude that a rational trier of fact could *not* have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Id.* (emphasis in original) (citing 28 U.S.C. § 2254(d)(2)).

The standard for reviewing a state court's factual findings is also highly deferential. "[S]tate court factual findings are presumed correct and federal courts may displace them only when the findings are shown to be 'objectively unreasonable by clear and convincing evidence.'" *Hodge v. Plappert*, 136 F.4th 648, 666 (6th Cir. 2025) (en banc) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)). This is "a substantially higher threshold for obtaining relief" than arguing that the state court's factual findings were "incorrect." *Hale v. Cool*, 122 F.4th 637, 645 (6th Cir. 2024)

(quotation marks omitted) (quoting *Shoop v. Twyford*, 596 U.S. 811, 819 (2022)).

The Michigan Court of Appeals denied Bailey's claim as follows:

> The evidence presented at trial does not suggest that the victim used a deadly weapon against Bailey, which would have necessitated Bailey's use of deadly force as a means of self-defense. Rather, the evidence indicates that Bailey walked into the repair shop and walked back out again. After approximately seven minutes, Bailey reentered the repair shop, got into an argument with the victim, and shot him. The trial court viewed a surveillance video of the offense, and found that there was no indication that the victim pulled a gun out and fired at Bailey; rather, the trial court found that the surveillance video suggested that Bailey left the repair shop and then opened fire on the victim immediately after returning to the repair shop. Additionally, the evidence showed that Bailey shot the victim six times. One of the bullets entered through the victim's back, suggesting that the victim had his back to Bailey when he was shot. The trial court could certainly choose to disbelieve Bailey's argument that he acted in self-defense when he shot the victim six times, particularly in light of the surveillance video and the fact that one of the bullets entered the victim's body through his back. Further, although a .32 caliber revolver was discovered underneath the victim's body, there was no evidence that this gun was fired inside the repair shop. No .32 caliber bullets were found in the repair shop after the shooting, suggesting to the trial court that the victim did not fire his gun at Bailey. Thus, the prosecution presented sufficient evidence to rebut Bailey's theory of self-defense.

*Bailey*, 944 N.W.2d at 377.

Under Michigan law, an individual may use force in self-defense if the individual honestly and reasonably believes that the use of force is necessary to prevent imminent serious bodily harm or death. *See* MICH. COMP. LAWS § 780.972. When viewed most favorably to the prosecution, the record amply supports the fact-finder's determination that Bailey was not in fear of suffering great bodily harm or losing his life when he shot the victim six times. Thus, even if cognizable, this claim fails on the merits.

To the extent Bailey raises a general sufficiency of the evidence challenge to his second-degree murder conviction, this claim is also meritless. The elements of second-degree murder under Michigan law are: (1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death. *Bailey*, 944 N.W.2d at 376 (citation omitted). The Michigan Court of Appeals found sufficient evidence existed to support Bailey's conviction. *Id.* at 377–378. Bailey admitted to causing the victim's death. The state court rejected his self-defense argument and found no justification or excuse for causing the death. *Id.* at 378. With respect to the malice element, the prosecution was

required to prove "'the intent to do an act that is in obvious disregard of life-endangering consequences.'" *Id.* (quoting *People v. Werner*, 659 N.W.2d 688, 692 (Mich. Ct. App. 2002)). The Michigan Court of Appeals held that this element was satisfied because Bailey opened fire on the victim in a closed space with complete disregard for the fact that this could cause the victim great bodily injury or death. *Id.*

The state trial court's decision is consistent with clearly established federal law and was not based on an unreasonable determination of the facts. The court examined the evidence supporting the conviction in a light most favorable to the prosecution, with specific reference to the elements of the charged crimes as established by state law. Habeas relief is denied on this claim.

**B. Claim Two: Due Process and Right to Counsel**

In his second claim, Bailey argues that he was denied his right to due process and his right to counsel. Neither argument warrants habeas relief.

1.

Bailey first contends that the trial court violated his right to due process by denying him an opportunity to consult with counsel before

withdrawing his plea. On August 21, 2017, Bailey pleaded guilty to second-degree murder and felon in possession of a firearm, with a sentence agreement of 25 to 50 years for second-degree murder, to be served consecutively to 5 years for felon in possession. (*See* ECF No. 11-7, PageID.196–197.) On the date set for sentencing, the trial court allowed Bailey to withdraw his plea during the following exchange:

> *Defendant Bailey*: Hey I—listen, I am not guilty .... I shouldn't have took [sic] this plea, I should have went [sic] to trial you know.
>
> I was scared. I didn't understand it really, you know, what I'm saying, and—
>
> *The Court*: You had a right to be scared.
>
> *Defendant Bailey*: Right, you know, I didn't go up there to kill that man, no, honest to God I didn't. [The victim] shot at me first, and that man had a gun on him and I had my gun on me but he pulled his out first and it's on camera and that's all I got to say, sir.
>
> *Ms. Logan* [the prosecutor]: Well, Your Honor, it sounds like the defendant is trying to withdraw his plea.
>
> *The Court*: That's what it sounds like, is that what you are trying to do?
>
> *Defendant Bailey*: Yes, sir, that's why I went to the library, I want to withdraw my plea.
>
> *The Court*: Hold it, hold it. I don't want to hear about you going to the library ....

* * *

> *Ms. Logan* [the prosecutor]: Well, Your Honor ... I don't want an innocent man to go to prison, and if the defendant is claiming that he did this in self-defense, albeit, it's all on video—
>
> *The Court*: Right. Right.
>
> *Ms. Logan* [the prosecutor]:—I think the court should withdraw his plea and let us go to trial.
>
> *The Court*: Is that what you want to do?
>
> *Defendant Bailey*: Yes, sir.
>
> *The Court*: All right. I'll allow [you to] withdraw your plea.

*Bailey*, 944 N.W.2d at 378–379; (ECF No. 11-8, PageID.216–217.)

The Michigan Court of Appeals held that the trial court did not violate Bailey's due process rights by accepting withdrawal of his plea without first requiring Bailey to discuss withdrawal with counsel. *Id.* at 379. The court of appeals reasoned:

> Bailey contends that the trial court effectively denied him the right to counsel by failing to give him time to discuss his decision to withdraw the plea with defense counsel. However, the record does not support Bailey's argument. Bailey clearly and unequivocally stated that he should not have entered a plea and that he wished to go to trial because he acted in self-defense. The trial court made an effort to clarify Bailey's request with defense counsel, who told the judge "[w]ell, judge, I'm going to let [Bailey] speak." Bailey followed his

> attorney's direction and agreed with the trial court that he did want to withdraw his plea. Neither Bailey nor his counsel requested additional time to reexamine the wisdom of Bailey's request to withdraw his plea, nor was there any indication that Bailey was forced to withdraw his plea or that he did not understand the consequences of his actions. A trial court has no obligation to require that attorney-client discussions take place.

*Id.*

The Michigan Court of Appeals' decision was not contrary to, or an unreasonable application of, Supreme Court precedent. Counsel was present at the hearing, and at no point during the hearing was Bailey denied the right or opportunity to consult with counsel. Thus, relief is denied on this claim.

2.

Bailey next argues that the trial court violated his Sixth Amendment right to counsel by sua sponte replacing his appointed attorney. After allowing Bailey to withdraw his plea, the trial court asked Bailey whether he wanted to continue with his trial counsel. Bailey unequivocally responded, "Yes, sir." (ECF No. 11-8, PageID.217.) Defense counsel likewise confirmed that he was not moving to withdraw and was prepared to continue representing Bailey. (*Id.* at PageID.218.) Despite these statements, the trial court appointed substitute counsel.

(*Id.* at PageID.220.) The trial court reasoned that a conflict existed because Bailey stated that he had pleaded guilty on counsel's advice but later proclaimed his innocence. (*Id.* at PageID.219–222.)

The Michigan Court of Appeals held that this claim was not preserved for appellate review because "Bailey did not object to the substitution of defense counsel in the trial court," and therefore it would review "for plain error affecting Bailey's substantial rights." *Bailey*, 944 N.W.2d at 380 (citations omitted). A state court's plain-error analysis amounts to "an adjudication on the merits" that is entitled to AEDPA deference when, as is the case here, the state court's plain-error analysis "'conducts any reasoned elaboration of an issue under federal law.'" *Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017) (citation omitted).

The Michigan Court of Appeals held that the trial court erroneously appointed new counsel because there was no evidence to show that trial counsel was incompetent, incapacitated, or otherwise unable to represent Bailey's interests. *Bailey*, 944 N.W.2d at 382. But the state court found no structural error requiring reversal:

> The record indicates that Bailey was never without representation because Diallo replaced Bailey's original

> appointed counsel immediately after he was removed by the trial court, and Bailey was represented at all times, including during trial. Bailey has not argued that he was deprived of the effective assistance of counsel or that counsel failed to adequately represent him. There is no evidence that the removal of Bailey's original appointed counsel affected the outcome of the proceedings. If anything, the trial court appointed a new attorney who was more willing to go to trial than Bailey's original attorney, given that his original attorney was—in the trial court's eyes—more favorable to taking a plea than going to trial. Accordingly, because the trial court's substitution of counsel did not amount to plain error affecting Bailey's substantial rights, Bailey is not entitled to the relief he seeks.

*Id.* at 382–383.

Bailey argues that the trial court's appointment of substitute counsel amounted to a constructive denial of counsel. A constructive denial occurs when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 659 (1984). A petitioner claiming ineffective assistance of counsel generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). But where there is a constructive denial of counsel, a defendant need not demonstrate prejudice. *Cronic*, 466 U.S. at 658–659. This presumption of prejudice applies only in narrow circumstances, where "the constructive denial of counsel and the

associated collapse of the adversarial system is imminently clear." *Ivory v. Jackson*, 509 F.3d 284, 295 (6th Cir. 2007) (quoting *Moss v. Hofbauer*, 286 F.3d 851, 860 (6th Cir. 2002)). To trigger this presumption, the attorney's failure "must be complete." *Bell v. Cone*, 535 U.S. 685, 697 (2002).

Here, nothing in the record suggests that substitute counsel failed to subject the prosecution's case to meaningful adversarial testing. Bailey has offered no evidence to support his assertion that substitute counsel failed to prepare for trial. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998). The record reflects that substitute counsel vigorously represented Bailey throughout the trial.

Nor did the appointment of substitute counsel violate Bailey's right to counsel of choice. The Sixth Amendment guarantees all criminal defendants the right to the effective assistance of counsel, including a qualified right to retain counsel of one's choice. *Wheat v. United States*, 486 U.S. 153, 159 (1988). However, that right "does not extend to defendants who require counsel to be appointed for them." *United States*

*v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) (citation omitted); *see also Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989) ("The [Sixth] Amendment guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts."). Accordingly, when an indigent defendant "is denied the counsel he prefers, the constitutional concern is whether he received an effective advocate." *Ray v. Curtis*, 21 F. App'x 333, 335 (6th Cir. 2001). As discussed above, Bailey has not shown that substitute counsel's performance was deficient. Habeas relief is thus denied on this claim.

**C. Claim Three: Reasonableness of Sentence**

Next, Bailey argues that he is entitled to resentencing because he was improperly sentenced as a fourth habitual offender and his sentence is disproportionate and unreasonable. Bailey has failed to show that he is entitled to relief on his sentencing claim.

Bailey's challenge to his habitual offender status under Michigan law alleges only a violation of state law claim. An allegation that a sentence violates a state law does not state a basis for habeas relief

because "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citations omitted); *see also Watkins v. Lafler*, 517 F. App'x 488, 500 (6th Cir. 2013) ("[A] mere violation of [state] law cannot support a [federal] habeas claim.").

To the extent Bailey claims that his right to due process was violated because he did not receive adequate notice of the habitual offender charge, he fails to state a claim. Due process does not require a defendant to "be notified in advance that 'the trial on the substantive offense will be followed by a habitual criminal proceeding.'" *Kennedy v. Burgess*, No. 22-1101, 2022 WL 18797053, at *2 (6th Cir. Sept. 2, 2022) (quoting *Oyler v. Boles*, 368 U.S. 448, 452 (1962)) (brackets omitted). "But 'a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense.'" *Id.* The record reflects that Bailey was made aware of the prosecution's intent to seek a habitual offender enhancement as early as the preliminary examination. (ECF No. 11-2, PageID.102.) Further, Bailey does not claim that he lacked valid prior convictions to support his habitual offender status.

Second, Bailey's argument that his sentence is unreasonable and disproportionate fails to state a claim upon which relief may be granted. "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). "'[O]nly an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). If a sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Bailey's sentence is not grossly disproportionate or excessive. His sentences did not exceed the statutory maximum for any of his crimes. *See* MICH. COMP. LAWS §§ 750.317, 750.224f, 750.227b. The trial court acted within its discretion, and the Court finds no extreme disparity between the crime and sentence that would implicate Eighth Amendment concerns.

### D. Claim Four: Imposition of Court Costs

In his fourth claim, Bailey challenges the imposition of court costs. Subject matter jurisdiction exists under § 2254 "'only for claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Washington v. McQuiggin*, 529 F. App'x 766, 772 (6th Cir. 2013) (quoting *Dickerson v. United States*, 530 U.S. 428, 439 n.3 (2000)); 28 U.S.C. § 2254(a). A restitution order "falls outside . . . the margins of habeas . . . because it is not a serious restraint on . . . liberty as to warrant habeas relief." *Id.* at 773 (internal quotation marks and citations omitted). Where a petition raises a challenge to a fee-repayment order, the district court lacks subject matter jurisdiction over that claim. *Id.* Accordingly, this claim is denied.

## VI. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court finds that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

The Court grants Bailey leave to appeal in forma pauperis because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

## VII. Conclusion

For the reasons set forth, the Court **DENIES** the petition for writ of habeas corpus (ECF No. 1) and **DENIES** a certificate of appealability.

**IT IS FURTHER ORDERED** that Bailey's motion for appointment of expert witness is **DENIED**. (ECF No. 20.)

**IT IS FURTHER ORDERED** that Bailey's motion to hold habeas petition in abeyance is **DENIED**. (ECF No. 22.)

**IT IS FURTHER ORDERED** that if Bailey chooses to appeal this decision, he may proceed in forma pauperis.

**SO ORDERED.**

**s/ Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Dated: August 21, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2026.

s/ S. Osorio
Sandra Osorio
Case Manager